By the Court.—Sedgwick, J.
The defendants themselves proved that after the note «was made and indorsed, money was had on its discount by the bank and paid to the makers. The circumstances attending a former transaction between the same parties, which left an amount due, to which the money obtained on this note was applied, were immaterial. This note was to be judged by its own incidents.
The defendants were not at liberty to show facts for the purpose of establishing usury either to invalidate the note or to obtain a deduction in the amount of the alleged usury, for the reason that the answer did not charge usury, or claim a deduction or plead payment.
The exceptions that relate to the matters thus far alluded to, cannot be sustained.
For a like reason, it was immaterial to show that in the former transaction, the defendant had been a broker between, the parties. One of the defendants testifies to what was the fact of this case. He swears that C. De P. Field & Co. wished the defendants to indorse the note as formerly, and they would pay them “a brokerage of forty dollars,” i. e., for indorsing the note.
The answer does not make any issue, which allows the defendants to claim that it was material to inquire whether the bank discounted the note out of funds of C. De P. Field & Co., or by an understanding with them, nor, therefore, was any statement by a member of C. De P. Field & Co., that they must themselves make a loan in consideration of receiving one hundred *218 and fifty dollars, material to any issue. But in fact, the transaction was fully investigated on the trial.
The principal error urged, is that the referee did not give due effect to the evidence in the case, from defendants’ witnesses, partly corroborated by plaintiff ’ s witnesses, as to 0. De P. Field & Co. not selling a part of the pledge as advantageously as they might. The defendants maintain that it appeared by a preponderance of testimony, that the defendants and the maker of the note united in demanding the sale, and that the plaintiff ’ s firm refused .to make it. If the sale had been made, and the money paid, two hundred dollars would have been left unpaid on the note, and the rest of the pledge could have been and afterwards was sold for a greater sum.
Assuming that the proposed purchaser was solvent, and ready to make the purchase, there is no proof in the case, or offer to prove, that the refusal was not the exercise of an.honest judgment on the part of C. De P. Field & Co., having regard to their own rights and interests, as well as those of the defendants and the owner of the property. On this subject the only proof is, that C. De P. Field & Co. refused to make the sale, and that afterwards the property sold for much less. At the most, these facts of themselves, would only show that C. De P. Field & Co. made a mistake. The referee was not asked in any form to draw an inference from them, that the refusal was in bad faith or tortious. 1'1 or does the answer allege, as much, but only that the goods were sold at a great sacrifice, and could have been sold for the full amount of the note. ' If the referee had found every fact as stated by the defendants’ witnesses, giving no effect to the contradictions by the plaintiff’s ■ witnesses, the defendants would not have any finding which of itself would affect this judgment. On this point, we have passed by without considering *219 whether C. De P. & Co. were accountable to the defendants for the disposition of the pledge.
The referee was not asked to find that the defendants did not receive notice of the sale of the pledge. There was conflicting evidence as to this, inasmuch as evidence was given tending to show that the defendants assented to the sale. If the question was material, we would have to construe the facts so as to support the judgment (Slyke «. Hyatt, 46 JV. Y. 259).
The judgment should be affirmed, with costs.
Yak Yorst and Speir, JJ., concurred.